# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

IN RE:

WILLIAM TAGG,                                    Case No. 21-23424-l
                                                                          Subchapter V

Debtor.                                                                     Chapter 11

_____

## DEBTOR'S 11 U.S.C. 1188 (a) REPORT
_____

COMES NOW the Debtor to file this as his 11 U.S.C. 1188 (a) report. The debtor and especially counsel apologize for it being filed untimely. The deadline was clearly set in the order of the court November 2, 2021 for November 17, 2021 and it was missed.

Following the list of the expectations and requirements of the court for that court order the following would be shown:

1. a. **A Description of the Debtor's Business.**

The debtor receives Social Security Income at this time of $1,192.00 per month. In previous years he was a builder and he tried to build, develop, and sell condominium property in Florida. Because of market conditions he has been unable to sell a condominium that is owned by Charleston II Builders in order to not only pay all of the existing debt of that entity, but to also pay the debt for the condominium that is titled in his name. The two condominiums are located in the same building which is called "Tagganale." The condominium that is owned by this debtor Individually is as listed on the Schedules 8718 SR-Highway 30 #A Unit 3, Santa Rosa Beach FL 32459.

**The Primary Place of Business.**

The debtor's primary place of business is 8191 Dogwood Cove, Germantown, Tennessee, 38139, his personal residence.

**The Number of Locations in Which it Operates.**

Other than his personal residence and SR-Highway 30 #A Unit 3, Santa Rosa Beach FL 32459 there are no other business locations.

**The Number of Employees or Independent Contractors It Utilizes In Normal Business Operations.**

There are none.

b. **The Goals of the Reorganization Plan.**

The Debtor hopes to sell a condominium unit that is titled and held by Charleston II Builders, in the same Tagganale complex and use the proceeds to relieve the debt and pay off the obligation of the condominium unit in which he has personal liability. The Debtor will be unable to pay ongoing payments on the mortgage until those sale dates.

c. **Any Motion the Debtor Contemplates Filing before Confirmation.**

At this time the debtor anticipates none.

d. **Any Objections to any Claims or Interests.**

Debtor has filed an objection to Claim #1 by deutsche Bank because in his view this obligation is not his personal debt and is the debt of Charleston II Builders. According to the Debtor the Instrument in the Walton County Register of Deeds Office at Book 2766, Page 2246 carries no personal guaranty or obligation by him. Today, December 1, 2021 the debtor filed a simple objection to that claim. The Debtor does not anticipate any potential need to estimate claims for voting purposes.

e. **Any Complications the Debtor Anticipates in Promptly Proposing and Confirming a Plan.**

The Debtor is hoping for a quick and immediate sale of the Charleston II condominium unit. Without a prompt sale of that property it will be challenging to adequately protect the interests of creditors in this case.

f. **Whether the Debtor is Current On All Required Tax Returns.**

The Debtor is current on all tax returns and these have been furnished to the U.S. Trustee and the case Trustee.

g. **Other Matters or Issues that the Debtor Expects the Court will Need to Address Before Confirmation.**

The Debtor is aware of no other matters.

h. **The efforts the Debtor has undertaken or will undertake to obtain a consensual plan of reorganization.**

The Debtor hopes to get creditors to wait a few months to see if the Charleston II Condominium unit can be sold to resolve the debts in this case. This case was filed after a foreclosure was scheduled on a unit in the Debtor's name and to avert that foreclosure. The Debtor has promptly responded to the inquiries of creditors and thus far he has not been directed or requested to make any payments. As to his personal residence Debtor has been working for years on a modification that has not been able to be maintained. He is mindful that the debt on that property may exceed its value. While the Debtor will likely seek and solicit from the creditors as long as possible on the date for the sale of the Charleston II property, he realizes that any patience here will have its limits. Ideally, Debtor would like to

have until June 1, 2022 to consummate a sale and close on the property in conformity with a Plan.

    i. **The Estimated Time by Which the Debtor Expects to file its Plan.**

The Debtor will seek to file a Plan with he Court by December 31, 2021.

**WHEREFORE, PREMISES CONSIDERED, DEBTOR PRAYS:**

1. That the Debtor court accept this report from the debtor.

2. For such further and other relief as to which the debtor may be entitled.

    RESPECTFULLY SUBMITTED,

    /s/ Ted I. Jones

    _____
    TED I. JONES, #11017
    JONES & GARRETT
    Professional Association
    Suite 1200
    2670 Union Avenue, Extended
    Memphis, Tennessee  38112
    (901) 526-4249, office
    (901) 568-2292, cell
    Attorney for the Petitioner
    Dtedijones@aol.com

CERTIFICATE OF SERVICE

    I, Ted I. Jones, hereby certify that I have forwarded a copy of this pleading to all parties in this case pursuant to the court's electronic noticing system, and to all others via first-class mail, postage pre-paid, this the 1st day of December, 2021.

    /s/ Ted I. Jones

    _____
    Ted I. Jones