**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION**

| | |
|---|---|
| IN RE: <br><br> WILLIAM TAGG, <br><br> Debtor. | Case No. 21-23424 <br> Chapter 11 |

## OBJECTION TO CONFIRMATION OF CHAPTER 11 PLAN AND MOTION TO DISMISS OR CONVERT CASE

COMES NOW, U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2007-HY6 ("U.S. Bank"), and files this Objection to Confirmation of the Debtor's Chapter 11 Plan (the "Plan") [Doc. 57] and Motion to Dismiss or Convert Case, respectfully showing this Honorable Court as follows:

1.	U.S. Bank is the holder of a claim secured by a mortgage loan on the Debtor's real property located at 8708 Highway 30A, #3, Seacrest Beach, Florida 32459 (the "Property"). *See* [Claim No. 4]. The claim is in the amount of $2,772,015.60, and has been in default since **November 2010**. *Id.* The arrearage is $407,598.37. *Id.*

2.	The Debtor is a serial filer, and this is his third case filed since 2017. *See* [Doc. 57] at p. 4. The current case was filed on October 18, 2021, and the Debtor elected to proceed under subchapter V. [Doc. 1] at p. 4.

3.	Although the Debtor elected to proceed under subchapter V, he is clearly not eligible to do so. Subchapter V is only available to "a person engaged in commercial or business activities (including any affiliate of such person that is also a debtor under this title and excluding a person whose primary activity is the business of owning single asset real estate) . . .

1

." 11 U.S.C. § 1182(1)(A). Additionally, at least 50 percent of the debtor's debt must have arisen from "commercial or business activities of the debtor." *Id.*

4.  The Plan indicates that the Debtor is not working in any capacity, "is currently semi-retired and receives Social Security income." [Doc. 57] at p. 57. The Debtor also stated in his schedules that he has not owned a business or had any qualifying connections to any business in the four years preceding the petition date. [Doc. 29] at p. 27. Thus, he is not "engaged in commercial or business activities." *See In re McCune*, ___ B.R. ____, No. 20-12326-J13, 2021 WL 4782957, at *8 (Bankr. D.N.M. Oct. 13, 2021) (citing *In re Blue*, 630 B.R. 179, 189 (Bankr. M.D.N.C. 2021) ("the majority of recent cases to examine the issue require subchapter V debtors to be presently engaged in commercial or business activities.").

5.  In addition to not being engaged in commercial or business activities, the Debtor does not have sufficient debts to be a debtor under subchapter V. The Petition states that the Debtor's debts are "primarily consumer debts." [Doc. 1] at p. 6. The Debtor then contradicted himself in his schedules, stating that his "debts are not primarily consumer debts." [Doc. 29] at p. 2. However, the debt that was scheduled is clearly "primarily consumer debts" – in fact, *only* consumer debts – as it consists only of a mortgage loan on the Debtors' principal residence in Germantown, Tennessee and a mortgage loan on a condominium in Florida (the Property) that is not indicated to be a rental property or any other type of property that could possibly qualify the debt as a business debt. *See* [Doc. 29] at pp. 12-14. Thus, the Debtor is clearly not eligible for subchapter V.

6.  Pursuant to 11 U.S.C. § 1112(b)(1), "on request of a party in interest . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court

determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of the estate." "To convert [his] case to a case under chapter 11 outside of subchapter V, Debtor[ ] must show that there is a reasonable possibility that they will be able to confirm a chapter 11 plan without a reasonable time or that conversion to chapter 11 would serve some legitimate chapter 11 purpose." *In re McCune*, 2021 WL 4782957, at *9 (citations omitted).

7. It is apparent from the details set forth in the Plan that the Debtor is using bankruptcy solely to delay a foreclosure sale (he outright admits this in the Plan in Section 1.8) and that there is zero chance of him proposing a confirmable plan. The Debtor owes $4,153,433.92 in secured debt, *see* Claims Register, and has an income of only $1,192.00 per month. *See* [Doc. 57] at p. 3. He claims that he is going to satisfy these debts through the sale of one unidentified condominium unit owned by an entity called Charleston Builders II, of which the Debtor owns only 8%. *See* [Doc. 57] at p. 4. This means that this condominium sale (of one unit, not a whole building) would need to net the entity almost ***$52 million*** in proceeds to pay the secured debt (assuming that the Debtor is entitled to 8% of the proceeds, which itself is unclear, and then not even taking into account the taxes that the Debtor would have to pay).[1] Clearly this is not going to happen, and the Debtor is not proceeding in good faith in this case. He will never be able to set forth a confirmable plan, nor would chapter 11 serve any legitimate purpose for the Debtor.

8. While conversion to a standard chapter 11 case is not appropriate, this Court could also convert to chapter 7. However, it does not appear that the creditors would obtain any benefit from this, as the only unsecured claim is an overdue cell phone bill for $717.99. There is

---

[1] Moreover, it appears that the condominium unit owned by Charleston Builders II may be subject to a mortgage (provided it is the same unit secured by the mortgage in Claim No. 1) in the amount of $1,769,278.86.

no legitimate reason to make the secured creditors jump through hoops to obtain stay relief to foreclose their mortgages over a bill that the Debtor can easily pay outside of bankruptcy. This case should be dismissed.

9. As noted earlier, the Debtor has not set forth a confirmable Plan, and to the extent that this Court denies the Motion to Convert or Dismiss, U.S. Bank objects to the confirmation of the Plan. The proposed Plan is laughable in its deficiencies, and it is hard to believe that this is a Plan that is intended to be taken seriously.

10. The Plan proposes to pay U.S. Bank $3,000,000.00 "within 30 days of any closing on the Charleston II Builders condominium no later than January 30, 2023." [Doc. 57] at p. 8. As to how the Debtor will implement the plan, he doesn't say. Instead, the Debtor failed to delete the instructions from the template plan, and then proceeded to misrepresent that he has "sufficient case on hand to make the payments required on the Effective Date" even though the payments are not supposed to be made until after a sale of the Charleston II Builders condominium. *See id.* at p. 9. In its entirety, the Plan says the following about means for implementation:

> 2.5. **Means for Implementation of the Plan.**
>
> [Describe how the Plan will be implemented, including how the Plan will be funded. For example, if the Plan proposes a sale of the Debtor's assets, describe how the sale will proceed, including anticipated marketing efforts and proposed bidding procedures. Then insert the paragraphs set forth below, if applicable.]
>
> On Confirmation of the Plan, all property of the Debtor, tangible and intangible, including, without limitation, licenses, furniture, fixtures and equipment, will revert, free and clear of all Claims and Equitable Interests except as provided in the Plan, to the Debtor. The Debtor expects to have sufficient cash on hand to make the payments required on the Effective Date.

11. Regardless of whether the Debtor is proceeding under subchapter V or a standard chapter 11 case, the Plan is simply not confirmable. Under subchapter V, a proposed plan "shall include – (A) a brief history of the business operations of the debtor; (B) a liquidation analysis; and (C) projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization." The Plan here does not include a liquidation analysis or projection of the Debtor's ability to make payments. There is no information disclosed about the Charleston II Builders condominium, the status of any sale of that property, or how the sale could ever net the Debtor enough proceeds to pay U.S. Bank's claim. The Plan does not show what will happen if U.S. Bank's claim exceeds $3 million by the closing of the condominium sale. The Debtor also has no control over Charleston II Builders and it is not disclosed how an owner of only 8% of the company could have any real say in the disposition of its assets. Additionally, there are no provisions in the Plan for what will happen if the sale of the condominium does not close by January 30, 2023, or if that sale does not generate enough proceeds to satisfy the secured claims. Thus, the Plan fails to provide any "projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization."

12. If the Debtor is proceeding under standard chapter 11 rules, a plan must, *inter alia*, specify which claims are impaired and unimpaired, provide for similar treatment to similar classes of creditors, and provide adequate means for the plan's implementation. *See* 11 U.S.C. § 1129(a). Here, the Plan does not indicate whether any creditors are impaired and, as noted above, provides no adequate means for the plan's implantation.

13. In either situation, a plan cannot be confirmed unless it complies with 11 U.S.C. § 1129(a). *See* 11 U.S.C. § 1129; 11 U.S.C. § 1191(a). This requires, *inter alia*, that "[t]he plan complies with the applicable provisions of this title" and that "[t]he plan has been proposed in

5

good faith and not by any means forbidden by law." 11 U.S.C. § 1129(a). As detailed above, the Plan does not, in any way, "comply with the applicable provisions of this title." It is also not proposed in good faith.

> Although the Sixth Circuit has not defined good faith in the Chapter 11 plan confirmation context, it has done so in the context of analyzing a debtor's good faith in proposing a Chapter 13 plan, holding that courts must, based on the totality of the circumstances, determine whether the plan satisfies the purposes underlying Chapter 13:
>
> > Good faith is an amorphous notion, largely defined by factual inquiry. In a good faith analysis, the infinite variety of factors facing any particular debtor must be weighed carefully. We cannot here promulgate any precise formulae or measurements to be deployed in a mechanical good faith equation. *The bankruptcy court must ultimately determine whether the debtor's plan, given his or her individual circumstances, satisfies the purposes undergirding Chapter 13:* a sincerely-intended repayment of pre-petition debt consistent with the debtor's available resources. The decision should be left simply to the bankruptcy court's common sense and judgment.
> >
> > ... [C]ourts should take into account the totality of the circumstances confronting a debtor ... when deciding whether or not to confirm a Chapter 13 plan.

*In re Trenton Ridge Invs., LLC*, 461 B.R. 440, 468–69 (Bankr. S.D. Ohio 2011) (quoting *Metro Emps. Credit Union v. Okoreeh–Baah (In re Okoreeh–Baah)*, 836 F.2d 1030, 1033–34 (6th Cir. 1988)) (emphasis added).

14. With respect to determining whether a plan "satisfies the purposes undergirding Chapter [11]," the "[t]wo primary purposes or chapter 11 relief are the preservation of businesses as going concerns, and the maximization of the assets recoverable to satisfy unsecured claims." *Id.* (quoting *Fields Station LLC v. Capitol Food Corp. of Fields Corner (In re Capitol Food Corp. of Fields Corner)*, 490 F.3d 21, 25 (1st Cir. 2007) (citations omitted).

15. Here, there is no indication that the Plan was proposed in good faith. The Debtor has almost zero income, is retired and does not operate, own, or control any businesses, and has one miniscule unsecured claim for an overdue cell phone bill. In fact, the Debtor could have long

ago paid the unsecured claim of $717.99 without filing for bankruptcy since he paid $1,738.00 just to file his petition. The Debtor is simply abusing the bankruptcy system to avoid a foreclosure sale, and chapter 11 will not help to preserve a business as a going concern (there is not one to preserve) and will not maximize recoverable assets to pay unsecured claims because the Debtor has enough assets to pay the claim right now. *See* [Doc. 51] at p. 10 (showing $3,463.42 on hand). Quite simply, no form of bankruptcy relief could help the Debtor. He has no income to support payments on the secured claims and the arrearages in a chapter 13 case and there are no unsecured claims that could benefit from a chapter 7 liquidation. The present case is bankruptcy abuse, pure and simple. Confirmation of the Plan should be denied and this case dismissed.

WHEREFORE, U.S. Bank prays for relief as follows:

a) That this Court dismiss this case or convert to one under chapter 7 pursuant to 11 U.S.C. § 1112(b)(1); and

b) If this Court denies the Motion to Dismiss or Convert, that it deny confirmation of the Debtor's Plan.

Respectfully submitted, this 27th day of January, 2022.

*/s/ Bret J. Chaness*
BRET J. CHANESS (BPR # 31643)
**RUBIN LUBLIN TN, PLLC**
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, Georgia 30071
(678) 281-2730 (Telephone)
(470) 508-9203 (Facsimile)
bchaness@rlselaw.com

*Attorney for U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2007-HY6*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27th, 2022, I filed the within and foregoing by CM/ECF, which will serve notice on the trustee, debtor in possession (through his counsel), and all others receiving electronic notice in this case. In addition, I caused a copy of the within and foregoing to be served via U.S. First Class Mail on the following on January 27, 2022:

William Tagg
8191 Dogwood Road
Germantown, TN 38139

Ted I. Jones
Jones & Garrett Law Firm
2670 Union Avenue Ext.
Suite 1200
Memphis, TN 38104

Craig M. Geno
Law Offices of Craig M. Geno, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157

Jamaal M. Walker
Office of the United States Trustee
200 Jefferson Avenue, Suite 400
Memphis, TN 38103

        */s/ Bret J. Chaness*
        BRET J. CHANESS (BPR # 31643)