IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

IN RE:

WILLIAM TAGG,

    Debtor.

Case No. 21-23424
Chapter 11

## MOTION TO DISMISS OR CONVERT CASE

COMES NOW, U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2007-HY6 ("U.S. Bank"), and files this Motion to Dismiss or Convert Case, respectfully showing this Honorable Court as follows:

1.    U.S. Bank is the holder of a claim secured by a mortgage loan on the Debtor's real property located at 8708 Highway 30A, #3, Seacrest Beach, Florida 32459 (the "Property"). *See* [Claim No. 4]. The claim is in the amount of $2,772,015.60, and has been in default since **November 2010**. *Id.* The arrearage is $407,598.37. *Id.*

2.    The Debtor is a serial filer, and this is his third case filed since 2017. *See* [Doc. 57] at p. 4. The current case was filed on October 18, 2021, and the Debtor elected to proceed under subchapter V. [Doc. 1] at p. 4.

3.    Although the Debtor elected to proceed under subchapter V, he is clearly not eligible to do so. Subchapter V is only available to "a person engaged in commercial or business activities (including any affiliate of such person that is also a debtor under this title and excluding a person whose primary activity is the business of owning single asset real estate) . . . ." 11 U.S.C. § 1182(1)(A). Additionally, at least 50 percent of the debtor's debt must have arisen from "commercial or business activities of the debtor." *Id.*

1

4.       The Plan indicates that the Debtor is not working in any capacity, "is currently semi-retired and receives Social Security income." [Doc. 57] at p. 57. The Debtor also stated in his schedules that he has not owned a business or had any qualifying connections to any business in the four years preceding the petition date. [Doc. 29] at p. 27. Thus, he is not "engaged in commercial or business activities." *See In re McCune*, ___ B.R. ____, No. 20-12326-J13, 2021 WL 4782957, at *8 (Bankr. D.N.M. Oct. 13, 2021) (citing *In re Blue*, 630 B.R. 179, 189 (Bankr. M.D.N.C. 2021) ("the majority of recent cases to examine the issue require subchapter V debtors to be presently engaged in commercial or business activities.").

5.       In addition to not being engaged in commercial or business activities, the Debtor does not have sufficient debts to be a debtor under subchapter V. The Petition states that the Debtor's debts are "primarily consumer debts." [Doc. 1] at p. 6. The Debtor then contradicted himself in his schedules, stating that his "debts are not primarily consumer debts." [Doc. 29] at p. 2. However, the debt that was scheduled is clearly "primarily consumer debts" – in fact, *only* consumer debts – as it consists only of a mortgage loan on the Debtors' principal residence in Germantown, Tennessee and a mortgage loan on a condominium in Florida (the Property) that is not indicated to be a rental property or any other type of property that could possibly qualify the debt as a business debt. *See* [Doc. 29] at pp. 12-14. Thus, the Debtor is clearly not eligible for subchapter V.

6.       Pursuant to 11 U.S.C. § 1112(b)(1), "on request of a party in interest . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of the estate." "To convert [his] case to a case under chapter 11 outside of subchapter V,

2

Debtor[ ] must show that there is a reasonable possibility that they will be able to confirm a chapter 11 plan without a reasonable time or that conversion to chapter 11 would serve some legitimate chapter 11 purpose." *In re McCune*, 2021 WL 4782957, at *9 (citations omitted).

7. It is apparent from the details set forth in the Plan that the Debtor is using bankruptcy solely to delay a foreclosure sale (he outright admits this in the Plan in Section 1.8) and that there is zero chance of him proposing a confirmable plan. The Debtor owes $4,153,433.92 in secured debt, *see* Claims Register, and has an income of only $1,192.00 per month. See [Doc. 57] at p. 3. He claims that he is going to satisfy these debts through the sale of one unidentified condominium unit owned by an entity called Charleston Builders II, of which the Debtor owns only 8%. *See* [Doc. 57] at p. 4. This means that this condominium sale (of one unit, not a whole building) would need to net the entity almost ***$52 million*** in proceeds to pay the secured debt (assuming that the Debtor is entitled to 8% of the proceeds, which itself is unclear, and then not even taking into account the taxes that the Debtor would have to pay).[1] Clearly this is not going to happen, and the Debtor is not proceeding in good faith in this case. He will never be able to set forth a confirmable plan, nor would chapter 11 serve any legitimate purpose for the Debtor.

8. The "[t]wo primary purposes or chapter 11 relief are the preservation of businesses as going concerns, and the maximization of the assets recoverable to satisfy unsecured claims." *In re Trenton Ridge Invs., LLC*, 461 B.R. 440, 468–69 (Bankr. S.D. Ohio 2011) (quoting *Fields Station LLC v. Capitol Food Corp. of Fields Corner (In re Capitol Food Corp. of Fields Corner)*, 490 F.3d 21, 25 (1st Cir. 2007) (citations omitted).

---

[1] Moreover, it appears that the condominium unit owned by Charleston Builders II may be subject to a mortgage (provided it is the same unit secured by the mortgage in Claim No. 1) in the amount of $1,769,278.86.

9. The Debtor has almost zero income, is retired and does not operate, own, or control any businesses, and has one miniscule unsecured claim for an overdue cell phone bill. In fact, the Debtor could have long ago paid the unsecured claim of $717.99 without filing for bankruptcy since he paid $1,738.00 just to file his petition. The Debtor is simply abusing the bankruptcy system to avoid a foreclosure sale (which should be additional grounds for cause to dismiss or convert the case), and chapter 11 will not help to preserve a business as a going concern (there is not one to preserve) and will not maximize recoverable assets to pay unsecured claims because the Debtor has enough assets to pay the claim right now. *See* [Doc. 51] at p. 10 (showing $3,463.42 on hand). This case should not be converted to a standard chapter 11 and U.S. Bank believes that conversion to chapter 13 or 7 is not in the best interests of creditors. He has no income to support payments on the secured claims and the arrearages in a chapter 13 case and there are no unsecured claims that could benefit from a chapter 7 liquidation. This case should be dismissed.

WHEREFORE, U.S. Bank prays for relief as follows:

a) That this Court dismiss this case or convert to one under chapter 7 or pursuant to 11 U.S.C. § 1112(b)(1); and

b) For any other relief that this Court deems just and proper.

Respectfully submitted, this 28th day of January, 2022.

>*/s/ Bret J. Chaness*
>BRET J. CHANESS (BPR # 31643)
>**RUBIN LUBLIN TN, PLLC**
>3145 Avalon Ridge Place, Suite 100
>Peachtree Corners, Georgia 30071
>(678) 281-2730 (Telephone)
>(470) 508-9203 (Facsimile)
>bchaness@rlselaw.com
>
>*Attorney for U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2007-HY6*

## CERTIFICATE OF SERVICE

I hereby certify that on January 28th, 2022, I filed the within and foregoing by CM/ECF, which will serve notice on the trustee, debtor in possession (through his counsel), and all others receiving electronic notice in this case. In addition, I caused a copy of the within and foregoing to be served via U.S. First Class Mail on the following on January 28, 2022:

William Tagg
8191 Dogwood Road
Germantown, TN 38139

Ted I. Jones
Jones & Garrett Law Firm
2670 Union Avenue Ext.
Suite 1200
Memphis, TN 38104

Craig M. Geno
Law Offices of Craig M. Geno, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157

Jamaal M. Walker
Office of the United States Trustee
200 Jefferson Avenue, Suite 400
Memphis, TN 38103

                                             */s/ Bret J. Chaness*
                                             BRET J. CHANESS (BPR # 31643)