**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| **In re:  WILLIAM TAGG,** | Case No. 21-23424-JDL |
| **DEBTOR.** | Chapter 11 |

**UNITED STATES TRUSTEE'S OBJECTION TO CONFIRMATION**

Paul A. Randolph, the Acting United States Trustee for Region 8 ("United States Trustee"), objects to confirmation of the Chapter 11 Subchapter V Plan ("Plan") filed in the case of William Tagg ("Debtor"). The confirmation hearing is scheduled for March 3, 2022. In support of this Objection, the United States Trustee states:

1. On October 18, 2021, the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

2. The Debtor filed a Chapter 11 Subchapter V Plan on January 13, 2022 (Doc. No. 57).

3. The Plan fails to provide a liquidation analysis as required by 11 U.S.C. 1190(1)(B).

4. The Plan fails to provide a cash flow/financial projection as required by 11 U.S.C. 1190(1)(C). The Plan should be amended to show the Debtor's cash flow both presently and historically.

5. The plan has not been proposed in good faith as required by 11 U.S.C. 1129(a)(3).

6. The Plan states that the Debtor receives Social Security Income in the amount of $1,192.00 per month and that the "Debtor intends to pay 100% of all claims to all creditors and to pay all necessary administrative claims". The Plan purports that this is the Debtor's only source of income.

7. The Debtor should be required to demonstrate that the Plan is feasible. 11 U.S.C. § 1129 (a)(11).

8. The Plan needs to be amended to provide information about all sources of the Debtor's income. The Debtor has received rental income in the past. This and any other income should be included in the Plan.

9. The Plan does not designate classes of claims. *See* 11 U.S.C. § 1123(a)(1).

10. The Plan does specify any unimpaired classes or claims. *See* 11 U.S.C. § 1123(a)(2).

11. The Plan does specify any impaired classes or claims. *See* 11 U.S.C. § 1123(a)(3).

12. The Debtor's belief that there will be fees due to the United States Trustee is completely erroneous. The Plan proposes "The claims of the United States Trustee will also be paid in accordance with the terms and provisions of the Plan herein and the Order Confirming the Plan." Fees are not owed to the United States Trustee in this Subchapter V case and the United States Trustee does not collect payments or make disbursements. This language would need to be removed.

13. The Plan is vague in Section 2.1, Part A regarding which Administrative Claims will be paid at confirmation; the amounts to be paid; and whether the Debtor has adequate cash to pay them at confirmation. The Plan states that professional fees of $2,000 or under for Ted I. Jones are subject to review and approval by the Court. The Plan also states that the Debtor believes there will be professional fees due to the Subchapter V Trustee in an amount under $10,000. The Plan needs to be amended to provide information that will clarify the specific amounts of any Administrative Claims, how they will be paid, and the source of funds that they will be paid from. The Administrative Claims will have to be paid in full at confirmation.

14. The Plan indicates in Section 2.2, Part A that the claims of U.S. Bank National Association and Wells Fargo National Bank, NA "will be paid 100% within 30 days of any

closing on the Charleston II Builders condominium or no later than January 30, 2023." The Plan refers to a closing with no details of a sale included in the Plan and no Order authorizing a sale. The Plan does not provide an alternative means to pay creditors if no sale occurs by January 30, 2023. This would need to be clarified.

15. The Plan indicates in Section 2.2, Part C that the unsecured claim of Pinnacle Creditor Service "will be paid 100% within 30 days of any closing on the Charleston II Builders condominium or no later than January 30, 2023." Again, the Plan refers to a closing with no details of a sale included in the Plan and no Order authorizing a sale. The Plan does not provide an alternative means to pay creditors if no sale occurs by January 30, 2023. This would need to be clarified.

16. The Plan indicates in Section 2.5: Mean for Implementation of the Plan, the Plan indicates "the Debtor expects to have sufficient cash on hand to make payments required on the Effective Date". The Plan does not indicate the source of such cash the Debtor expects to have on hand.

17. The Plan does not disclose the precise, periodic treatment to be afforded each holder of a claim. For example, the Plan should be amended to identify each such creditor; the amount of the claim that the Debtor propose to pay; the amount of the monthly payment; and the first date that such claimants can expect to receive distributions. The Plan should be amended to provide the information needed to determine the monthly amounts necessary to service the secured claims.

18. The Plan should be amended to provide a remedy for unsecured creditors in the event of default in payment. The Plan should provide that in the event of default in payment to any unsecured creditor, such creditor may pursue any non-bankruptcy remedy in any appropriate non-bankruptcy forum.

19. The Debtor is not in compliance with the provisions of the Bankruptcy Code as the Debtor has failed to file the December 2021 monthly operating report. 11 U.S.C. § 1129(a)(2).

20. The October and November 2021 Monthly Operating Reports which the Debtor has filed are materially deficient. For example, one or more the MORs:

- does not attach monthly bank statements as required by Official Form 425C (under the category "Banking Information");
- does not list receipts or disbursements.

21. In several places throughout the Plan, the Plan incorrectly identifies the name of the business owned by the Debtor, Charleston II Builders, Inc., as Charleston Builders, II.

22. In addition to the Debtor's ownership interest in Charleston II Builders, Inc., the Debtor also has ownership interest in Tagganale Owners' Association, Inc. However, the Debtor failed to a file Rule 2015.3 Report for either entity.

23. Charleston II Builders, Inc. is an inactive entity with the State of Tennessee and the State of Florida.

24. Tagganale Owners' Association, Inc. is an inactive entity with the State of Florida.

25. The U.S. Trustee further reserves any and all rights, remedies and obligations to, inter alia, complement, supplement, augment, alter and/or modify this objection, file an appropriate Motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, the United States Trustee prays that the Court:

1. The Court grant the U.S. Trustee a hearing on this Objection.

2. The Court deny confirmation of the Debtor's Plan pending resolution of the issues raised herein.

3. The Court grant the U.S. Trustee such additional general relief to which the U.S. Trustee may be entitled.

> Respectfully Submitted,
>
> PAUL A. RANDOLPH
> ACTING UNITED STATES TRUSTEE, REGION 8
>
> /s/ Jamaal M. Walker, Trial Attorney (#33764)
> United States Department of Justice
> Office of the United States Trustee
> 200 Jefferson Avenue, Suite 400
> Memphis, Tennessee 38103
> (202) 934-4166
> jamaal.walker@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Jamaal M. Walker, hereby certify this 8th day of February, 2022 service of a true and accurate copy of the foregoing by electronic means and/or via regular U.S. Mail, postage prepaid, to the following persons in accordance with Guideline 19B of the Amended Guidelines for Electronic Filing.

/s/ Jamaal M. Walker, Trial Attorney (#33764)

Debtor
Attorney for the Debtor
All persons requesting notice