# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## MEMPHIS

| | |
|---|---|
| In re: ) | |
| ) | |
| WILLIAM TAGG, ) | Case No. 21-23424 |
| ) | Chapter 11, Subchapter V |
| Debtor. ) | Before The Honorable Jennie D. Latta |
| ) | |

### PHH MORTGAGE CORPORATION'S OBJECTION TO PLAN CONFIRMATION[1]

COMES NOW, PHH Mortgage Corporation ("PHH") and files this Objection to the Debtor's Plan of Reorganization (ECF No. 57). In support, PHH submits the following:

**The Plan Fails to Account for Deutsche Bank's Secured Claim.**

1. On November 30, 2021, Deutsche Bank National Trust Company as Trustee for Indymac Indx Mortgage Loan Trust 2007-AR211P, Mortgage Pass-Through Certificates Series 2007-AR211P ("Deutsche Bank") filed its Proof of Claim for $1,769,278.86 (Claim No. 1-1, p. 2). Deutsche Bank's claim is secured by the real property at 8708 Highway 30-A Unit 1, Santa Rosa Beach, Florida 32459 ("Unit 1").

2. The total prepetition arrearage for Deutsche Bank's proof of claim is $391,302.16. (*Id.*, p. 2.)

3. On December 1, 2021, the Debtor filed his Objection to the Claim of Deutsche Bank National Trust Company (ECF No. 34), in which he argued that "the claim is subject to ongoing litigation in the Florida state courts" and "it is clear that there is no personal liability or guaranty" by the Debtor. *Id*.

---

[1] PHH Mortgage Corporation is Servicer for Deutsche Bank National Trust Company as Trustee for Indymac Indx Mortgage Loan Trust 2007-AR211P, Mortgage Pass-Through Certificates Series 2007-AR211P ("Deutsche Bank").

47240630 v1

4. As explained in PHH's amended and supplemental response to Debtor's objection to its claim, records that support PHH's proof of claim demonstrate that the Debtor signed the note associated with the indebtedness in 2007 as well as a modification agreement acknowledging his indebtedness in 2015 and is thus obligated for the debt associated with proof of claim. (*See* ECF No. 75, ¶ 5 (citing Claim No. 1-1, p. 57-64, 20-22.))

5. Debtor's Plan of Reorganization (the "Plan") does not provide for payment of Deutsche Bank's valid secured claim.

**Debtor Does Not Qualify for a Chapter V Small Business Reorganization.**

6. Moreover, aside from the fact that the Plan does not provide for payment of Deutsche Bank's secured claim, Debtor is not eligible for Subchapter V small business reorganization.

7. A debtor under Subchapter V is required to be "engaged in commercial or business activities (including any affiliate of such person that is also a debtor under this title and excluding a person whose primary activity is the business of owning single asset real estate)" and "not less than 50 percent of [the debt] arose from the commercial or business activities of the debtor." 11 U.S.C. § 1182(1)(A).

8. The Plan reflects that Debtor does not qualify as a Subchapter V debtor. Specifically, the Plan acknowledges that Debtor was previously a builder and developer and is "semi-retired and receives Social Security income." (ECF 57 at 4.) This is insufficient for relief under Subchapter 5. *See In re McCune*, No. 20-12326-J13, 2021 WL 4782957, at *8 (Bankr. D.N.M. Oct. 13, 2021) ("subchapter V debtors must be engaged in commercial or business activities on the petition date.")

**There is No Likelihood of Success in Performing the Plan as Proposed.**

9. Debtor's Plan is premised on the hope that he can sell Unit 1 to pay off his creditors. *See* ECF No. 57 at 11 ("the only way the debtor can remedy his personal debt is to close on the sale of Charleston II Builders condominium unit to pay off these debts.")[2] Accordingly, the Plan does not demonstrate that it is feasible.

10. The feasibility element of plan confirmation requires that "the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." 11 U.S.C. § 1129(a)(11). The plan must present a "'reasonable assurance of success' by sufficiently establishing 'a realistic and workable framework for reorganization.'" *In re Hurricane Memphis, LLC*, 405 B.R. 616, 624, 2009 WL 1609386 (Bankr. W.D. Tenn. 2009) (quoting *In re Brice Road Developments*, 392 B.R. 274, 283 (6th Cir. BAP 2008)). "In order to present a reasonable assurance of success, the court must be able to determine 'whether the things which are to be done under confirmation can be done as a practical matter under the facts.'" *Id*. at 625 (quoting *In re The Christian Faith Assembly*, 402 B.R. 794, 799 (Bankr. N.D. Ohio 2009)).

11. There are several issues concerning the feasibility of the Plan. First, there is no explanation why Debtor has been unable to sell this property to date and why, at this time, the sale of the same would result in a sale that would resolve all of the claims listed in the Plan, in addition to Deutsche Bank's claim. Second, as acknowledged by the Debtor, Unit 1 is currently subject to judicial foreclosure proceedings in Florida. (*See* ECF No. 34). Third, as discussed above, the Plan

---

[2] On information and belief, Debtor refers to Unit 1 as the "Charleston II Builders condominium." Nonetheless, and regardless of who holds title to the property, Debtor is liable for the debt because he signed the note associated with the indebtedness in 2007 as well as a modification agreement acknowledging his indebtedness in 2015. (*See* Claim No. 1-1, p. 57-64, 20-22.)

fails to account for Deutsche Bank's secured claim. Fourth, there is no explanation in the Plan regarding what will happen if Unit 1 does not sell or if Unit 1 does sell but the proceeds cannot satisfy all of the secured claims. Fifth, there is no remedy for the creditors in the event of default under the plan.

Based on the foregoing, PHH respectfully requests that this Court deny confirmation of the Plan.

Respectfully submitted this 24th day of February, 2022.

> */s/ Samuel A. Morris*
> David W. Houston IV (BPR No. 020802)
> Samuel A. Morris (BPR No. 034878)
> Burr & Forman LLP
> 222 Second Avenue South, Suite 2000
> Nashville, TN 37201
> T: (615) 724-3215
> T: (615) 724-3258
> dhouston@burr.com
> smorris@burr.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of February, 2022, I caused the foregoing document to be filed using the Court's CM/ECF electronic document filing system, which caused notice of the filing to be electronically delivered to all parties who have entered an appearance in this matter.

> */s/ Samuel A. Morris*
> Samuel A. Morris