**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**In re:  WILLIAM TAGG,**                                                          Case No. 21-23424-JDL

　　　　**Debtor.**                                                                               Chapter 11

---

**UNITED STATES TRUSTEE'S LIMITED OBJECTION U.S. BANK NA'S**
**MOTION TO DISMISS OR CONVERT CASE**

---

COMES NOW Paul A. Randolph, the Acting United States Trustee for Region 8 ("U.S. Trustee"), and objects to U.S. Bank NA's Motion to Dismiss or Convert Case ("Motion") filed in the case of William Tagg ("Debtor").  The hearing on the Motion is scheduled for March 3, 2022.  In support of this Objection, the United States Trustee states:

　　1.　　On October 18, 2021, the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

　　2.　　This is the third bankruptcy case that the Debtor has filed individually in less than five years; and the fourth bankruptcy case as between himself and his affiliate Charleston II Builders, Inc.

　　3.　　On August 9, 2011, Mr. Tagg, the Debtor in the instant case, caused a petition to be filed under Chapter 11, commencing Case No. 11-28041 in the name of "Charleston Builders II Inc."  That was a jumble of the actual name of the entity "Charleston II Builders, Inc."  On April 30, 2013 the court entered an order dismissing the case on the U.S. Trustee's Motion for failure to comply with the requirements of the statute.

| | |
|---|---:|
| UNITED STATES TRUSTEE'S OBJECTION TO MOTION TO DISMISS OR CONVERT | CASE NO. 21-23424 |
| | Page **2** of **3** |

      4.      The Debtor filed a petition under Chapter 13 on August 23, 2017 commencing Case No. 17-27389. An Order was entered on October 12, 2017 dismissing the case because the Debtor failed to satisfy filing requirements.

      5.      The Debtor again filed a petition under Chapter 13 on January 8, 2020 commencing Case No. 20-20178. An Order was entered on April 17, 2020 dismissing the case because the Debtor failed to provide required documents to the Chapter 13 Trustee.

      6.      None of the prior cases resulted in a discharge. None of the cases resulted in confirmation of a plan providing a distribution to creditors. The Debtor and his affiliate have been the only beneficiaries of the three prior bankruptcy cases, receiving the protection of the automatic stay. The Debtor has filed a plan in this case, but it is patently not feasible as proposed.

      7.      In context, mere dismissal of the instant case would prove improvident. If this case were to be dismissed, it should be with prejudice as contemplated by 11 U.S.C § 349. Specifically, if this case is dismissed, the Debtor should be prohibited from filing a petition under any chapter of the title 11 in any judicial district for a defined period of time.

      9.      The U.S. Trustee reserves all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this Objection, file an appropriate Motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

      WHEREFORE, THE ABOVE PREMISES CONSIDERED, the U.S. Trustee respectfully requests that:

| UNITED STATES TRUSTEE'S OBJECTION TO MOTION TO DISMISS OR CONVERT | CASE NO. 21-23424 |
|---|---:|
| | Page **3** of **3** |

1. If the Motion is granted, the Court condition dismissal of the case with prejudice under 11 U.S.C. § 349.

2. Grant the U.S. Trustee such additional, general relief to which the U.S. Trustee maybe be entitled.

Respectfully Submitted,

PAUL A. RANDOLPH
ACTING UNITED STATES TRUSTEE, REGION 8

/s/ Jamaal M. Walker, Trial Attorney (#33764)
United States Department of Justice
Office of the United States Trustee
200 Jefferson Avenue, Suite 400
Memphis, Tennessee 38103
(202) 934-4166
jamaal.walker@usdoj.gov

## CERTIFICATE OF SERVICE

I, Jamaal M. Walker, hereby certify this 24th day of February, 2022 service of a true and accurate copy of the foregoing by electronic means and/or via regular U.S. Mail, postage prepaid, to the following persons in accordance with Guideline 19B of the Amended Guidelines for Electronic Filing.

/s/ Jamaal M. Walker, Trial Attorney (#33764)

Debtor
Attorney for the Debtor
All persons requesting notice