**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| In re:  WILLIAM TAGG, | Case No. 21-23424-JDL |
| DEBTOR. | Chapter 11 |

**UNITED STATES TRUSTEE'S**
**MOTION TO REMOVE DEBTOR AS DEBTOR-IN-POSSESSION**
**PURSUANT TO 11 U.S.C. § 1185(a)**

COMES NOW, Paul A. Randolph, the Acting United States Trustee for Region 8 ("U.S. Trustee"), in furtherance of his administrative responsibility, hereby moves this Court for an order removing the Debtor as Debtor-in-possession the above numbered and captioned Chapter 11 case pursuant to 11 U.S.C. § 1185(a) and transferring control and management of the affairs of William Tagg ("Debtor') to the Subchapter V trustee pursuant to 11 U.S.C. § 1183(b)(5).  In support of his Motion, the United States Trustee respectfully states and represents as follows:

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1334, 157(a), and the standing order of reference. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). The predicate for the relief requested herein is Bankruptcy Code Section 1185.

2. Pursuant to 28 U.S.C. § 586, the United States Trustee is charged with the administrative oversight of cases commenced pursuant to Title 11 of the United States Bankruptcy Code. This duty is part of the United States Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U. S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498,

500 (6th Cir. 1990) (describing the U. S. Trustee as a "watchdog"). Pursuant to 11 U.S.C. § 307, the United States Trustee has standing to bring the instant Motion to Remove Debtor as Debtor-in-Possession.

### Background

3.  On October 18, 2021, the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") (Doc. No. 1). The Debtor elected to proceed under Subchapter V of Chapter 11 of the Bankruptcy Code. Craig M. Geno was appointed trustee. The Debtor owns, rents, and manages residential real property.

4.  On March 14, 2022, the United States Trustee conducted a deposition of the Debtor.

### Law and Argument

5.  11 U.S.C. § 1185(a) provides:

> On request of a party in interest, and after notice and a hearing, the court shall order that the debtor shall not be a debtor in possession for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor, either before or after the date of commencement of the case, or for failure to perform the obligations of the debtor under a plan confirmed under this subchapter.

"…the list of what constitutes cause under § 1185(a) is not exhaustive." *In re Young*, 2021 WL 1191621 (D. New Mexico 2021).

6.  Section 1183(b)(5) of the Bankruptcy Code further provides that "if the debtor ceases to be a debtor in possession, [the Subchapter V trustee shall] perform the duties specified in section 704(a)(8) and paragraphs (1), (2), and (6) of section 1106(a) of this title, including operating the business of the debtor." 11 U.S.C. § 1183(b)(5).

7.  In chapter 11 cases, "[w]hile there is a presumption that a debtor should be

UNITED STATES TRUSTEE'S
MOTION TO REMOVE DEBTOR AS DEBTOR-IN-POSSESSION
PURSUANT TO 11 U.S.C. § 1185(a)

CASE NO. 21-23424
Page **3** of **5**

permitted to remain in possession of its business, that presumption is not absolute" and "is predicated on the assumption that the Debtor will carry out its fiduciary obligations." *In re Sillerman*, 605 B.R. 631 (Bankr. S.D.N.Y. 2019).

8. Cause including dishonesty, incompetence, and/or gross mismanagement by the Debtor, both prepetition and post-petition, exists for the removal of the Debtor-in-possession pursuant to section 1185 of the Bankruptcy Code.

9. The Debtor testified in the deposition that he receives rental income from a property located at 8718 East County Highway 30a, Unit A, Seacrest, Florida 32461. However, the Debtor did not list the rental income on Schedule I, the Statement of Financial Affairs, nor in the Plan, giving the inference that his sole income is Social Security. He testified that the monthly rental income amount varies, but with the rental income and his Social Security, he estimates that his average monthly income is around $18,000 a month.

10. At the Debtor's deposition, he described regularly renting the first-floor condominium located at 8718 East County Highway 30a, Seacrest, Florida 32461.  The Debtor contends that the condominium is owned by the Debtor's affiliate, Charleston II Builders, Inc., a Tennessee corporation.  The corporation however was administratively dissolved in 2018 and remains in an inactive status.  The Debtor testified that the corporation has not filed federal income tax returns in years.  Instead of reporting the corporation's rental income and business expenses on corporate tax returns, the Debtor systematically violated federal tax laws by reporting the corporation's rental income and deductions on his own individual income tax returns for years.

11. In the case *In re Charleston Builders II Inc.*, Case No. 11-28041, the Debtor claimed 100% ownership of Charleston II Builders, Inc. The Debtor testified that he now owns

only 8% of Charleston II Builders, Inc., transferred shares for no consideration, and the other owners have no hand in the operation of the business.

12. In addition, the Debtor has failed to file Monthly Operating Reports in the present case for the months of December 2021, January 2022, and February 2022. "[N]either the Court nor the creditors should have to coerce or implore the Debtor as a fiduciary into filing timely, accurate and complete monthly operating statements while at the same time the Debtor is asking for the pervasive protection afforded by the Bankruptcy Code." *Gribbins v. Farm Credit Servs. of Mid-Am.*, 43 F. App'x 863-64 (6th Cir. 2002).

13. The United States Trustee and other parties in interest lack information about the Debtor's post-petition operations or whether the Debtor is in compliance with the Bankruptcy Code and applicable non-bankruptcy law, including the payment of post-petition taxes.

14. The U.S. Trustee reserves all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this Motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, the United States Trustee respectfully requests that the Court:

1. Hold a hearing on this Motion;

2. Enter an order immediately removing the Debtor-in-possession pursuant to section 1185(a) and ordering the Subchapter V trustee to perform the duties set forth in section 1183(b)(5); and

3. Grant the United States Trustee such additional general relief to which the United States Trustee may be entitled.

Case 21-23424 Doc 121 Filed 03/17/22 Entered 03/17/22 07:59:41 Desc Main
Document    Page 5 of 5

UNITED STATES TRUSTEE'S
MOTION TO REMOVE DEBTOR AS DEBTOR-IN-POSSESSION
PURSUANT TO 11 U.S.C. § 1185(a)

CASE NO. 21-23424
Page **5** of **5**

Respectfully submitted,

PAUL A. RANDOLPH
ACTING UNITED STATES TRUSTEE, REGION 8

/s/ Jamaal M. Walker, Trial Attorney (#33764)
United States Department of Justice
Office of the United States Trustee
200 Jefferson Avenue, Suite 400
Memphis, Tennessee 38103
(202) 934-4166
jamaal.walker@usdoj.gov

## CERTIFICATE OF SERVICE

I, Jamaal M. Walker, hereby certify this 17th day of March 2022 service of a true and accurate copy of the foregoing by electronic means and/or via regular U.S. Mail, postage prepaid, to the following persons in accordance with Guideline 19B of the Amended Guidelines for Electronic Filing.

/s/ Jamaal M. Walker, Trial Attorney (#33764)

All persons listed on the matrix.