**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**MEMPHIS**

| | |
|---|---|
| In re: ) | |
| ) | **Case No. 21-23424** |
| **WILLIAM TAGG,** ) | **Chapter 11, Subchapter V** |
| ) | **Before the Honorable Jennie D. Latta** |
| **Debtor** ) | |

**PRETRIAL STATEMENT**

A. FOR PLAINTIFF(S)/DEBTOR(S)[1]

    1. A brief statement of the theory of each cause of action.

    2. A brief summary of plaintiff/debtor's contentions of facts in support of the cause(s) of action and the evidence to be relied upon to establish each of the facts contended.

B. FOR EACH DEFENDANT/RESPONDENT

    1. A brief statement of the theory of your defense(s), interests, causes of action, etc.

    The two factual predicates that support the Debtor's Amended Objection (ECF No. 146), that the Debtor was not credited for $32,000 worth of payments associated with a loan modification and that he was improperly charged $40,000 in lender-placed insurance are both false. Because these factual predicates are false, this objection must fail.

    Given the Subchapter 5 Trustee's intention not to pursue the objection, Defendant should be entitled to its attorneys' fees and costs associated with the unnecessary and protracted defense of these claims and/or under the terms of the loan documents in the event it prevails in defending the Debtor's objection.

    2. A brief summary of contentions of facts in support of the legal theories, and the evidence to be relied upon to establish each of the facts contended.

    Debtor received credit against the balance of the loan in the amount of $31,978.36 associated with Debtor's failed attempt to modify the loan in 2021. This is reflected in the 2021 payment history of the loan.

---

[1] On October 20, 2022, counsel for Debtor advised that it would be providing the Debtor's sections of this statement after the close of business. Accordingly the parties are filing separate statements.

49263895 v1

Defendant did not charge $40,000 in lender-placed insurance on the loan. This is supported by the payment and charge history filed on November 30, 2021 in support of Defendant's proof of claim.

Defendant also relies on its account records and the testimony of loan analyst, Gina Feezer.

Each of the parties will present to opposing counsel at the conference the matters set out above for incorporation in the joint document.

C. FOR ALL PARTIES

1. The basis for jurisdiction or objection to jurisdiction

The pending bankruptcy of the Debtor affords the Court jurisdiction to hear Debtor's objection to the Defendant's claim, pursuant to 28 U.S.C. sections 1334 and 157(b).

2. A statement of all anticipated admitted or uncontested facts.[2]

On November 30, 2021, the Defendant timely filed its secured proof of claim in this case. The real property that secured the loan at issue was sold on or around June 3, 2022 in the amount of $3,600,000. The Defendant was paid in full at the time of closing. The Defendant holds a first-position mortgage securing the repayment of the loan at issue.

3. Each party's brief statement of contested facts.

For Defendant: Whether Debtor was credited for $32,000 worth of payments associated with a loan modification in 2021. Whether Defendant charged $40,000 in lender-placed insurance on the loan.

4. Each party's statement of contested legal issues.

For Defendant: Defendant is unaware any legal issues by Debtor and understands the issues to be purely factual as described above. Defendant raises the following legal issues:

    a.    Does the Debtor have standing to pursue this objection?

    b.    Is the Defendant entitled to its attorneys' fees and costs?

5. Each party shall state the time needed to complete discovery.

For Defendant: Defendant anticipates needing three months to complete discovery.

---

[2] As indicated above, this statement is submitted only by the Defendant. Accordingly, it is anticipated that the following facts will be uncontested; however, the Defendant cannot, as of the time of filing, represent that they are uncontested.

6. The plaintiff/debtor shall state the time needed to present his case-in-chief, including reservation of time for rebuttal.

7. The defendant/respondent and each additional party shall state the time needed to present his case-in-chief, including reservation of time for rebuttal.

Defendant anticipates needing one half day to present its case-in-chief.

| | |
|---|---|
| Ted I. Jones<br>Jones & Garrett Law Firm<br>2670 Union Ave., Ext., Suite 1200<br>Memphis, TN 38104<br>Phone: 901 526-4249<br>Email: dtedijones@aol.com | */s/ Samuel A. Morris*<br>David W. Houston IV (BPR No. 020802)<br>Reid S. Manley (BPR No. 024024)<br>Samuel A. Morris (BPR No. 034878)<br><br>Burr & Forman LLP<br>222 Second Avenue South, Suite 2000<br>Nashville, TN 37201<br>T: (615) 724-3215<br>T: (615) 724-3258<br>dhouston@burr.com<br>smorris@burr.com<br><br>420 North 20th Street, Suite 3400<br>Birmingham, Alabama 35203<br>T: (205) 251-3000<br>F: (205) 458-5100<br>rmanley@burr.com |

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of October, 2022, I caused the foregoing document to be filed utilizing the Court's CM/ECF electronic document filing system, which caused notice of the filing to be electronically delivered to all parties who have entered an appearance in this matter.

*/s/ Samuel A. Morris*
Samuel A. Morris